United States District Court
Middle District of Florida
Jacksonville Division

**MEREDITH J. KORMOSKI,**

    *Plaintiff,*

v.                                                         NO. 3:20-cv-1213-BJD-PDB

**ACTING COMMISSIONER OF SOCIAL SECURITY,**

    *Defendant.*

## Report & Recommendation

This is an action under 42 U.S.C. §§ 405(g) and 1383(c)(3) to review a final decision of the Acting Commissioner of Social Security denying Meredith Kormoski's application for supplemental security income. Doc. 1. The Acting Commissioner answered the complaint and filed the administrative record. Docs. 18, 20.

The Acting Commissioner now requests an order reversing the decision and remanding the case "for an ALJ to evaluate whether [Kormoski's] disability has ceased by applying the medical improvement standard in accordance with 20 C.F.R. § 416.994[,] … offer [her] the opportunity for a hearing, take any further action needed to complete the administrative record, and issue a new decision." Doc. 26 at 1. Kormoski has no objection.

When reviewing a final decision of the Commissioner, a district court may "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision … with or without remanding

the cause for a rehearing." 42 U.S.C. § 405(g); *see* 42 U.S.C. § 1383(c)(3) (incorporating § 405(g)).

Considering the absence of opposition and the authority above, I recommend:

1. **granting** the Acting Commissioner's motion to remand, Doc. 26;

2. **reversing** the Acting Commissioner's decision under 42 U.S.C. §§ 405(g) and 1383(c)(3);

3. **remanding** the action for "for an ALJ to evaluate whether [Kormoski's] disability has ceased by applying the medical improvement standard in accordance with 20 C.F.R. § 416.994[,] … offer [her] the opportunity for a hearing, take any further action needed to complete the administrative record, and issue a new decision"; and

4. **directing** the clerk to enter judgment in favor of Meredith Kormoski and against the Acting Commissioner of Social Security and close the file.*

**Entered** in Jacksonville, Florida, on December 17, 2021.

PATRICIA D. BARKSDALE
*United States Magistrate Judge*

---

*"Within 14 days after being served with a copy of [a report and recommendation on a dispositive motion], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id*. A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.