United States District Court
Middle District of Florida
Jacksonville Division

**MEREDITH J. KORMOSKI,**

    *Plaintiff,*

v.                                                                    **NO. 3:20-cv-1213-PDB**

**COMMISSIONER OF SOCIAL SECURITY,**

    *Defendant.*

---

# Order

Proceeding under 42 U.S.C. § 406(b), the plaintiff's lawyer, Richard Culbertson, requests authorization to charge the plaintiff **$5,550.22** from her past-due benefits as an attorney's fee. Doc. 36.

## Background

The plaintiff applied for supplemental security income. *See* Tr. 64. An Administrative Law Judge (ALJ) found her disabled. Tr. 57–65. The agency later found she was no longer disabled. Tr. 83–90, 104–17. She requested a hearing before an ALJ. Tr. 122. The ALJ found she was no longer disabled, Tr. 293–304, and the Appeals Council denied her request for review, Tr. 8–10. She appealed the decision, and the court reversed the decision and remanded the case for further proceedings. Tr. 398–404. The appeals council remanded the case to an ALJ, Tr. 408–11, and the ALJ found she was no longer disabled, Tr. 309–32.

The plaintiff and Culbertson entered into a contingent-fee agreement under which Culbertson agreed to represent her, and she agreed to pay

Culbertson 25 percent of any past-due benefits, minus any attorney's fee paid under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). Doc. 36-1.

Culbertson filed a complaint. Doc. 1. The Commissioner filed an answer, Doc. 18, and a 676-page administrative record, Doc. 20. Culbertson filed a 16-page brief arguing why the Commissioner was wrong. Doc. 22. In response, the Commissioner moved to reverse the agency decision and remand the case. Doc. 26. The court granted the motion, reversed the agency decision, and remanded the case for further agency proceedings. Doc. 28. The court later granted the plaintiff's EAJA request for $3,116.82 as an attorney's fee based on 14.4 hours of work. Doc. 34.

On remand, the agency awarded the plaintiff a total of $34,668.16 in past-due benefits. Doc. 39-1 ¶ 6. From those past-due benefits, the agency withheld $8,667.04 (25% of the total). Doc. 39-1 ¶ 7.

## Law & Analysis

For representation during court proceedings, 42 U.S.C. § 406(b) provides that an attorney who obtains remand may request a fee, and the court, as part of its judgment, may allow a reasonable fee that does not exceed 25 percent of past-due benefits. *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1275–77 (11th Cir. 2006). The fee is from the past-due benefits. 42 U.S.C. § 406(b)(1)(A). "[T]he 25% cap applies only to fees for representation before the court, not the agency." *Culbertson v. Berryhill*, 586 U.S. 53, 59 (2019).

Separately, under the EAJA, a court must order the United States to pay an attorney's fee to a party who prevails against the United States, including in a social-security action, unless the United States' position was substantially justified or special circumstances make an award unjust. 28 U.S.C.

§ 2412(d)(1)(A). The fee is based on the attorney's hours and rate, capped at $125 per hour, unless a special circumstance justifies more. *Id.* § 2412(d)(2)(A).

An attorney may obtain a fee under both § 406(b) and the EAJA but must refund the lesser fee to the claimant and may do so by deducting the EAJA fee from the § 406(b) fee. *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1274 (11th Cir. 2010).

In evaluating an attorney's request for authorization to charge a § 406(b) fee based on a contingent-fee arrangement, a court must follow the framework in *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002). There, the Supreme Court endorsed the use of contingent-fee arrangements in social-security actions but cautioned that § 406(b) "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.* at 807.

*Gisbrecht* requires a claimant's attorney to show the requested fee "is reasonable for the services rendered." *Id.* at 807. In assessing reasonableness, "the court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases." *Id.* at 808.

To arrive at the requested fee of **$5,550.22**, Culbertson deducts the EAJA fee ($3,116.82) from 25 percent of past-due benefits ($8,667.04). Doc. 36 at 2 & n.1. To establish that the requested fee is reasonable for the services rendered, Culbertson provides the following information. He limits his practice almost exclusively to representing disabled people. Doc. 36 at 6. He and his partner,

Sarah Jacobs, spent at least 14.4 hours representing the plaintiff in this action. Doc. 36 at 2. That time excludes time not billable under the EAJA and time spent representing the plaintiff before the agency. Doc. 36 at 2. The requested fee does not exceed 25 percent of past-due benefits. Doc. 36 at 3. There is no allegation that he caused any subpar representation or delay. Doc. 36 at 6. He contends that, as a result of his and Jacobs's work, the plaintiff receives ongoing social-security-disability benefits and Medicare and received a "substantial sum" of retroactive benefits. Doc. 36 at 6.

For the reasons provided and the court's own knowledge of Culbertson's and Jacobs's expertise in social-security law, the requested fee is reasonable. Because Culbertson asks to deduct the amount of the EAJA award from his § 406(b) request, no amount must be refunded to the plaintiff.

## Conclusion

The court:

1. **grants** the request, Doc. 36; and

2. **authorizes** Culbertson to charge the plaintiff **$5,550.22** from past-due benefits for the successful representation of the plaintiff.

**Ordered** in Jacksonville, Florida, on September 26, 2025.

*Patricia D. Barksdale*

Patricia D. Barksdale
*United States Magistrate Judge*

4